IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Jack D. Simrill and**, | ) | Civil Action No. 9:13-3421-SB-BM |
| **Virginia A. Simrill,.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **John Hancock Life Insurance** | ) | |
| **Company USA and J. Marvin** | ) | |
| **Schroeder**, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case was removed from the Beaufort County Court of Common Pleas pursuant to 28 U.S.C. § 1332. Plaintiffs are proceeding pro se. However, while individuals may represent themselves pro se, they may not represent other litigants. Jack Simrill appears to at one time to have been a member in good standing of the South Carolina Bar, but he is not admitted to practice in this Court.[1] Therefore, while Jack Simrill may represent himself, he may not represent his wife, Virginia Simrill, or vice versa.

Virginia Simrill has not signed the pleadings in this case, as Jack Simrill was apparently intending to represent her in the state court proceedings. In an Order filed December 12, 2013, Jack Simrill was granted twenty-one (21) days, plus three (3) days for mail time, to regain

---

[1] Indeed, it appears that Jack Simrill is no longer even a member of the Bar. See Court Docket No. 19, p. 2.



active attorney status in this Court; for alternatively Virginia Simrill to sign and resubmit the Complaint documents on behalf of herself to continue to be a named Plaintiff in this case; or for Virginia Simrill to retain counsel to represent her. See Court Docket No. 10. The time for Plaintiffs to comply with the Court's proper form Order was subsequently extended for an additional twenty-one (21) days. See Text Order (Court Docket No. 14). However, the time for complying with the Court's Order of December 12, 2013 has now expired, with none of the required options set forth therein having been taken or complied with.

Based on the foregoing, it is recommended that Virginia Simrill be **dismissed** as a party Plaintiff in this action, without prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

February 27, 2014
Charleston, South Carolina



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

